CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 28 2022

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VONITTA S., ) | |
| ) | |
| Plaintiff ) | Civil Action No. 7:20-CV-743 |
| ) | |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| ) | |
| Defendant ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on March 7, 2022, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Vonitta S. (Vonitta) has filed objections to the R&R and this matter is now ripe for the court's consideration.

### I. Background

Vonitta filed an application for disability insurance benefits (DIB) on May 16, 2018, alleging disability beginning on December 23, 2016, but later amended to May 25, 2018. She was 42 years old at the alleged onset date and her "date last insured" (DLI) is December 31, 2023. Vonitta seeks disability based on abnormal liver function, chronic inflammation of the pancreas, chronic constipation post gastric bypass, major depression, anxiety, bipolar disorder,

coronary heart disease, hypertension, herniated lumbar intervertebral disc, and chronic anemia with abnormal bleeding. R. 306. Vonitta testified at a hearing in front of an administrative law judge (ALJ) who also solicited the testimony of a vocational expert (VE).

The ALJ found that Vonitta had severe impairments of lumbar spondylosis status post microdiscectomy, congestive heart failure, obesity status post gastric bypass, peripheral artery disease, anemia, cervical degenerative changes, bilateral bunions status post right repair, major depressive disorder, anxiety, and bipolar disorder. The ALJ further found that none of Vonitta's impairments met or equaled a listed impairment. In determining that Vonitta's mental impairments did not meet a listing, the ALJ found that she had mild limitations in her abilities to understand, remember, and apply information and in her ability to adapt or manage herself. She had moderate limitations in her ability to interact with others and to maintain concentration, persistence, and pace.

The ALJ next determined that Vonitta had the RFC to perform sedentary work with additional limitations. She could occasionally perform postural activities, but could never climb ladders, ropes, or scaffolds. She should avoid concentrated exposure to temperature extremes, humidity, vibrations, and industrial hazards. She could understand, remember, and carry out simple instructions and perform simple tasks. She could have occasional interaction with coworkers and supervisors but no interaction with the public. She would require regular breaks every two hours and was expected to be off task up to ten percent of the workday.

Based on this RFC and the testimony from the VE, the ALJ determined that Vonitta could not return to her past relevant work as a psychiatric aide or skilled training program coordinator, but could do other work, such as that of a weight tester, assembler, or lens

inserter, and that these jobs exist in significant numbers in the national economy. Therefore, the ALJ concluded that Vonitta was not disabled. R. 101-15. The Appeals Council declined to review Vonitta's claim, making the decision of the ALJ the final decision of the Commissioner.

This lawsuit followed. The magistrate judge found that the ALJ determination was supported by substantial evidence and Vonitta objects to several of the magistrate judge's conclusions. ECF No. 22.

## II. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. April 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011). See also Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.) ("The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein."); Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") (emphasis in original). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon

v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

### III. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter

v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## IV. Plaintiff's Objections[2]

The court notes that Vonitta makes a number of objections that are either general and conclusory or simply rehash arguments she made to the magistrate judge and these objections are not addressed. Specific objections addressed herein are (1) the magistrate judge erred when he found that the ALJ properly considered Vonitta's obesity; and (2) the magistrate judge erred when he concluded that the ALJ made specific findings regarding Vonitta's ability to sustain work activity over the course of an eight-hour workday.

---

[2] Detailed facts about Vonitta's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 21) and in the administrative transcript (ECF No. 12) and will not be repeated here except as necessary to address her objections.

6

### A. Obesity

Vonitta argues that the ALJ did not properly consider her obesity because he did not address it at Steps 4 and 5 of the sequential evaluation.[3] <u>Social Security Ruling, SSR 19-2P; Titles II and XVI: Evaluating Cases Involving Obesity</u>, 2019 WL 2374244 (S.S.A. May 20, 2019), provides guidance on how the Social Security Administration establishes that a person has a medically determinable impairment of obesity and how obesity is evaluated in disability claims. The ALJ in Vonitta's case found that her obesity was a severe medically determinable impairment at Step 2 of the sequential evaluation. At Step 3 of the sequential evaluation, the ALJ stated that he considered her obesity along with her other body systems listings but did not find that the medical evidence supported a finding that her obesity had reached a level that would cause the other listings to meet or medically equal a listed impairment. R. 104. Vonitta does not object to these findings. Rather, she objects that the ALJ did not consider her obesity when assessing her RFC.

The ruling sets forth how the ALJ should consider obesity when determining a claimants RFC:

---

[3] In conducting the sequential evaluation, the ALJ makes a series of determinations: (1) Whether the claimant is engaged in substantial gainful activity; (2) Whether the claimant has a medically determinable impairment that is "severe" under the regulations; (3) Whether the severe impairment or combination of impairments meets or medically equals the criteria of a listed impairment; (4) Whether the claimant has the RFC to perform his past relevant work; and (5) Whether the claimant is able to do any other work in the national economy, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a) and 416.920(a). If the ALJ finds that the claimant has been engaged in substantial gainful activity at Step 1 or finds that the impairments are not severe at Step 2, the process ends with a finding of "not disabled." <u>Mascio v. Colvin</u>, 780 F.3d 632, 634-635 (4th Cir. 2015). At Step 3, if the ALJ finds that the claimant's impairments meet or equal a listed impairment, the claimant will be found disabled. <u>Id.</u> at 635. If the analysis proceeds to Step 4 and the ALJ determines the claimant's RFC will allow him to return to his past relevant work, the claimant will be found "not disabled." If the claimant cannot return to his past relevant work, the ALJ then determines, often based on testimony from a vocational expert, whether other work exists for the claimant in the national economy. <u>Id.</u> The claimant bears the burden of proof on the first four steps and the burden shifts to the Commissioner on the fifth step. <u>Id.</u>

> We must consider the limiting effects of obesity when assessing a person's RFC. RFC is the most an adult can do despite his or her limitation(s). As with any other impairment, we will explain how we reached our conclusion on whether obesity causes any limitations.
>
> A person may have limitations in any of the exertional functions, which are sitting, standing, walking, lifting, carrying, pushing, and pulling. A person may have limitations in the nonexertional functions of climbing, balancing, stooping, kneeling, crouching, and crawling. Obesity increases stress on weight-bearing joints and may contribute to limitation of the range of motion of the skeletal spine and extremities. Obesity may also affect a person's ability to manipulate objects, if there is adipose (fatty) tissue in the hands and fingers, or the ability to tolerate extreme heat, humidity, or hazards.
>
> We assess the RFC to show the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment. People with a [medically determinable impairment] of obesity may have limitations in the ability to sustain a function over time. In cases involving obesity, fatigue may affect the person's physical and mental ability to sustain work activity. This may be particularly true in cases involving obesity and sleep apnea.
>
> The combined effects of obesity with another impairment(s) may be greater than the effects of each of the impairments considered separately. For example, someone who has obesity and arthritis affecting a weight-bearing joint may have more pain and functional limitations than the person would have due to the arthritis alone. We consider all work-related physical and mental limitations, whether due to a person's obesity, other impairment(s), or combination of impairments.

SSR 19-2p, 2019 WL 2374244, at *4.

Vonitta is correct that the ALJ in this case did not explicitly mention her obesity when he assessed her RFC and his failure to do so was error under SSR 19-2p. However, upon review of the record and the ALJ opinion, the court determines that the error was harmless.

A harmless error is one that would not have led to a different result, Shinseki v. Sanders, 556 U.S. 396, 409 (2009), and the Fourth Circuit applies the harmless error doctrine when reviewing a decision of the Commissioner denying a claim for benefits. Keller v. Berryhill, 754

F. App'x 193, 199 (4th Cir. 2018); Patterson v. Comm'r Soc. Sec. Admin., 846 F.3d 656, 658 (4th Cir. 2017). See also Morrison v. Saul, No. 1:19CV413, 2020 WL 5111251, at *8 (M.D.N.C. Aug. 31, 2020), report and recommendation adopted, 2020 WL 5821077 (M.D.N.C. Sept. 30, 2020) (quoting Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989)) ("'[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result'"); Cogar v. Colvin, No. 3:13-CV-380-FDW, 2014 WL 1713795, at *4 (W.D.N.C. April 30, 2014) ("[T]he claimant must show that remand would result in a finding of disability."); Mullinax v. Colvin, No. 5:13-CV-169-GCM, 2014 WL 6997766, at *4 (W.D.N.C. Dec. 10, 2014) ("Harmless error results when there is a showing that evidence, even when properly considered by the ALJ, would not result in a different decision.")).

Several district courts in the Fourth Circuit have held that when an ALJ does not explicitly analyze a plaintiff's obesity when assessing RFC, the omission may be harmless if the ALJ relied on the opinions of providers who were aware of the obesity. See Lehman v. Astrue, 931 F.Supp.2d 682, 691-92 (D. Md. 2013); Moss v. Astrue, No. 2:11-CV-44, 2012 WL 1435665, at *6 (N.D.W.V. April 25, 2012) (citing Cook v. Astrue, 800 F.Supp.2d 897, 907 (N.D. Ill. 2011) and Prochaska v. Barnhart, 454 F.3d 731, 736-37 (7th Cir. 2006)); Smith v. Astrue, No. 8:10-CV-2624-CMC-JDA, 2012 WL 786944, at *16 (D.S.C. Jan. 18, 2012), report and recommendation adopted, 2012 WL 786853 (D.S.C. Mar. 9, 2012); and West v. Astrue, No. 8:10-1442-DC, 2011 WL 4527355 (D.S.C. June 6, 2011).

In Vonitta's case, while the ALJ did not discuss Vonitta's obesity when he assessed her RFC, he summarized her medical records and discussed findings showing pain, fatigue, and

9

limited range of motion. R. 109, 652-53, 642-43. The ALJ also discussed Vonitta's reports of chronic back, neck, and shoulder pain, her reports of fatigue, and findings of mildly decreased range of motion in her left shoulder and mild tenderness in her paraspinal muscles in the records from the pain management clinic, where it was noted that Vonitta was diagnosed with obesity. R. 110, 611-13. Because the ALJ discussed the medical evidence in the record and the limitations caused by Vonitta's impairments, the court finds that he implicitly considered the effects of her obesity in assessing her RFC.

In addition, the ALJ found partially persuasive the opinions of the state agency physicians who determined Vonitta could do light work with additional limitations, although the ALJ limited her to sedentary work based on her complaints of pain and fatigue. R. 112. The doctors at both the initial and reconsideration stages considered Vonitta's obesity in arriving at their RFC. R. 161, 173, 178. District courts in the Fourth Circuit have concluded that remand is not required when an ALJ implicitly considers a plaintiff's obesity by considering the medical evidence in the record "as well as the opinions of state agency physicians who addressed Plaintiff's obesity and found it imposed no additional impairments. . . ." McKinney v. Astrue, No. 1:11cv199, 2012 WL 6931344, at *3 (W.D.N.C. Dec. 11, 2012), report and recommendation adopted sub nom. McKinney v. Asture, 2013 WL 300822 (W.D.N.C. Jan. 25, 2013). See also Christian v. Colvin, No. 4:15-CV-41, 2016 WL 4056210, at *11 (E.D. Va. May 6, 2016), report and recommendation adopted, 2016 WL 3982311 (E.D. Va. July 22, 2016) (declining to remand case where "in addition to plainly stating that he considered Ms. Christian's obesity individually and in combination with her other alleged impairments . . . the ALJ addressed her obesity and the effects thereof through his evaluation

of the opinions of her treating physicians and the state agency assessments.") The court finds that the ALJ considered the effects of Vonitta's obesity when he found partially persuasive the opinions of the state agency physicians.

Finally, although Vonitta argues that the ALJ erred in failing to consider her obesity in the RFC assessment, she has not shown how her obesity exacerbates her limitations or limits her functioning. Without doing so, she cannot show that her case should be remanded. Moss, 2012 WL 1435665, at *6. See also Williams v. Astrue, No. 2:11-CV-107, 2012 WL 2065282, at *18 (N.D. W.Va. May 16, 2012), report and recommendation adopted, 2012 WL 2065057 (N.D. W.Va. June 8, 2012) (declining to remand in part because plaintiff did not specify how his obesity limited his functioning and exacerbated his impairments); Childers v. Astrue, No. 1:09CV225, 2012 WL 1267897, at *9 (M.D.N.C. Apr. 16, 2012) (declining remand where plaintiff failed to identify anything in the record indicating that her weight affected her ability to perform basic work activities in some manner beyond the limits attributable to her other impairments); Smith, 2012 WL 786944, at *16 (denying remand in part because there was no evidence plaintiff's obesity resulted in exertional limitations). Because Vonitta has not shown how her obesity exacerbated her limitations or decreased her functioning, she has provided no basis for remanding her claim for further consideration.

Based on the foregoing, the court concludes that while the ALJ should have explicitly considered Vonitta's obesity when determining her RFC, his failure to do so was harmless on this record. Accordingly, the court **OVERRULES** Vonitta's objection to the extent she seeks remand of her case based on this error.

## B. Ability to Sustain Work

Vonitta objects that the magistrate judge erred when he found that the ALJ adequately supported his finding that Vonitta could sustain work activity over the course of an eight-hour workday and accommodated her moderate impairments in concentration, persistence, and pace. The magistrate judge found that the ALJ supported his reasoning by summarizing the medical records, Vonitta's testimony, and the reports of the state agency psychologists and addressing her limitations as set out in the RFC assessment. Vonitta objects that the state agency psychologists did not make specific findings that despite her limitations in concentration, persistence, and pace and limitations in interacting with others, that she could sustain work over the course of an eight-hour workday.

However, in making the mental RFC determination, state agency psychologists at the initial and reconsideration levels found that Vonitta was moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 163, 180. A "moderate limitation" means that a person has a fair ability to function in the area independently, appropriately, and effectively on a sustained basis. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(c). The ALJ accommodated the moderate limitation in concentration, persistence, and pace by limiting Vonitta to jobs requiring simple instructions and tasks that would allow her to take breaks every two hours and be off task up to ten percent of the day. The ALJ accommodated her moderate limitation in working with others by determining she could not work with the public and would need to have only occasional interaction with supervisors and coworkers in the workplace. Thus, the

court agrees with the magistrate judge that the ALJ's determination and the limitations he imposed were supported by substantial evidence in the record, including the findings of the state agency psychologists.

Finally, Vonitta argues that the ALJ ignored the findings by the state agency psychologists that she had "fair" concentration and attention, that she had intermittent pressured speech, and that she socialized via telephone rather than in person. R. 163-64, 180-81. However, those findings were in the narrative explanation of Vonitta's moderate limitations and were incorporated in the limitations assessed by the state agency psychologists. The ALJ stated that he found the opinions persuasive and he adopted the moderate limitations contained therein. There is no rigid requirement that an ALJ discuss every piece of evidence in the record, Reid v. Comm'r of Soc. Sec., 769 F.3d 861 (4th Cir. 2014), and the fact that the ALJ did not discuss these two findings by the state agency psychologists does not lead to the conclusion that he did not consider them.

The court agrees with the magistrate judge that the ALJ adequately supported his conclusion that Vonitta could sustain work over the course of an eight-hour workday. Vonitta's objections to this finding are **OVERRULED**.

## V. Conclusion

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ decision is supported by substantial evidence. Therefore, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 03-28-2022

*/s/ Michael F. Urbanski*

Michael F. Urbanski
Chief United States District Judge